IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEBUENO MARKETING, INC., et al., | No. CV 11-4977 MEJ |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| DEL MONTE FOODS CORPORATION-USA et al., | |
| Defendants. | |

This matter arises out of a failed business relationship between the parties. In 1994, Montebueno Marketing Incorporated entered into an agreement with Del Monte Foods Corporation-USA to distribute Del Monte products in the Philippines.[1] After Del Monte terminated the contract in 1996, Montebueno initiated a lawsuit in a Philippine Court alleging that Del Monte had breached the parties' agreement. While this litigation was in progress, Del Monte filed a Petition to Compel Arbitration in the Northern District of California, relying on an arbitration clause in the parties' contract that required them to resolve any disputes through arbitration in San Francisco, California.[2] The Petition to Compel Arbitration was granted by the Honorable Judge Jenkins in 1999, and the parties were ordered to arbitrate in San Francisco in accordance with the terms of their 1994 agreement. *Del Monte Corp. v. Montebueno Mktg., Inc.*, Case No. 98-4446 MJJ,

---

[1] The Court refers to each of the respective Plaintiffs as Montebueno and each of the respective Defendants as Del Monte.

[2] The contract also provided that any non-arbitrable disputes between the parties must be litigated in a court in California.

Dkt. No. 62 (Jul. 1, 1999).  Despite Judge Jenkins's 1999 Order, Montebueno's lawsuit continued in the Philippines, proceeding up to the Philippine Supreme Court and then back to the regional trial court.  Ultimately, in 2010, the trial court found that Del Monte was liable and awarded $992,628.05 in monetary damages to Montebueno.[3]  Dkt. No. 1.

Now Montebueno has come back to this Court in an attempt to enforce the Philippine judgment against Del Monte.  Montebueno has filed a Complaint for Recognition of Foreign Country Money Judgment pursuant to California's Uniform Foreign-Country Money Judgments Recognition Act (UFMJRA), codified under California Code of Civil Procedure section 1713, *et seq*.  Dkt. No. 1.  The UFMJRA allows California courts to enforce foreign judgments under certain conditions.  *See* Cal. Code of Civ. Pro. § 1715.  It also provides several mandatory and discretionary reasons for when courts are required or may refuse to recognize foreign judgments.  *See* Cal. Code of Civ. Pro. § 1716.  Del Monte's Motion to Dismiss argues that this Court should not enforce the Philippine judgment for several reasons, including because it falls under one of the UFMJRA's discretionary grounds for refusing to recognize foreign judgments: Section 1716(c)(5).  Dkt. No. 11.

While the parties' briefs address multiple issues raised by Montebueno's Complaint, this Order only discusses Section 1716(c)(5) of the UFMJRA because it is dispositive to this entire matter.  This part of the UFMJRA provides that the Court may refuse to recognize a foreign money judgment if "[t]he proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court." Cal. Code of Civ. Pro. § 1716(c)(5).  That is exactly the case here.  As Judge Jenkins ruled in 1999, the parties' original contract contained a valid and enforceable arbitration clause that required Montebueno and Del Monte to arbitrate their dispute in San Francisco.[4]  The proceedings in

---

[3] As explained in Montebueno's Complaint, this amount is based on an exchange rate of US $1 to 43.6 Philippine pesos.

[4] In its Opposition, Montebueno does not provide any arguments as to why the arbitration clause from the parties' 1994 contract should not be enforced.  The Court notes that while Montebueno appealed Judge Jenkins' 1999 Order to the Ninth Circuit, this appeal was voluntarily dismissed by Montebueno and never reinstated.

2

the Philippines were therefore contrary to an agreement between the parties to arbitrate here, and, under Section 1716(c)(5), the Court may exercise its discretion and refuse to recognize the foreign judgment.

Montebueno's Opposition only provides one argument in response to Del Monte's position that the Court should not enforce the Philippine judgment under Section 1716(c)(5). Montebueno contends that because Section 1716(c)(5) only provides a discretionary ground for refusing to recognize the foreign judgment, the Court cannot use it as a basis to dismiss the Complaint since this is a Rule 12(b)(6) motion. Dkt. No. 25 at 6 ("if a defense being raised is conditional rather than absolute, a Rule 12(b)(6) motion should be denied"). At oral argument, however, Montebueno conceded that there are no disputed facts in this matter and that it does not need to conduct discovery on the issues currently before the Court. Moreover, Montebueno explicitly agreed that the Court can treat Del Monte's Motion as a summary judgment motion and rule on these issues at this stage of the proceedings as a matter of law. Thus, Montebueno's Opposition argument that its Complaint cannot be dismissed because this a Rule 12(b)(6) motion no longer applies. Without this argument, Montebueno has not provided the Court with any reason why it should not exercise its discretion under Section 1716(c)(5) — which directly applies to this dispute — and refuse to recognize the Philippine judgment.

The Court finds the decision from *Tyco Valves & Controls Distribution GmbH v. Tippins, Inc.* particularly instructive to this matter. 2006 WL 2924814 (W.D. Pa. Oct. 10, 2006). In that case, plaintiff Tyco filed a lawsuit against defendant Tippins under Pennsylvania's Uniform Money Judgments Recognition Act, 42 P.S. §§ 22001 *et seq.*, which is nearly identical to California's UFMJRA. *Id* at *1. Tyco sought to enforce a German money judgment against Tippins for a breach of contract action. *Id.* Tippins filed a motion for summary judgment, arguing that the judgment entered by the German court was contrary to a valid, enforceable arbitration agreement between the parties, and that under Pennsylvania's Money Judgments Recognition Act, the judgment need not be recognized if the proceeding in the foreign court was contrary to an agreement between the parties under which the dispute was to be settled. *Id.* Tyco argued that the arbitration clause was invalid

3

because it was not part of the final agreement. *Id.* The *Tyco* Court found that the arbitration clause was enforceable, and it exercised its discretion under the Pennsylvania Money Judgments Recognition Act to refuse to recognize the German judgment. *Id.* at *7.

In the same manner, this Court hereby exercises its discretion under Section 1716(c)(5) of the UFMJRA and elects to not enforce Montebueno's foreign judgment. Accordingly, Del Monte's Motion to Dismiss is GRANTED. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 22, 2012

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4