IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONTEBUENO MARKETING, INC., et al.,

    Plaintiffs,

vs.

DEL MONTE FOODS CORPORATION-USA et al.,

    Defendants.

No. CV 11-4977 MEJ

**ORDER DENYING PLAINTIFFS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (DKT. NO. 39)**

On March 30, 2012, Plaintiffs filed a request for leave to file a motion for reconsideration (Dkt. No. 39) with respect to the Court's March 22 order (Dkt. No. 38) granting Defendants' motion to dismiss (Dkt. No. 11). Defendants have filed an opposition to this request. Dkt. No. 42. The Court has reviewed the parties' papers and, for the reasons explained below, Plaintiffs' request is DENIED.

Plaintiffs chose to file their complaint pursuant to California's Uniform Foreign-Country Money Judgments Recognition Act (UFMJRA), codified under California Code of Civil Procedure §§ 1713 *et seq.* Defendants moved to dismiss Plaintiffs' complaint for multiple reasons, including three specific grounds outlined in the UFMJRA that permit the Court to not recognize a foreign judgment: Section 1716(c)(3), Section 1716(c)(4), and Section 1716(c)(5). Dkt. No. 13 at 7-10. In their opposition, Plaintiffs did not explain why these grounds should not apply to their complaint. Instead, they argued that these grounds only permitted dismissal on a discretionary basis and should not be utilized on a motion to dismiss. Dkt. No. 25 at 5-7. At oral argument, the Court specifically

asked Plaintiffs why it should not exercise its discretion and dismiss the complaint under Section 1716(c)(5). Dkt. No. 43-1 at 2-3. Plaintiffs did not provide a direct answer. *Id.* The parties also confirmed at oral argument that the nature of Plaintiffs' action meant that there were no factual disputes and discovery was not needed. Dkt. No. 43-1 at 11-12. Neither party objected to the Court converting Defendants' motion to dismiss to a motion for summary judgment, which would alleviate concerns about the Court granting a motion to dismiss based on the discretionary grounds of the UFMJRA. *Id.*

Plaintiffs essentially failed to oppose Defendants' arguments with respect to the UFMJRA — the very statute under which Plaintiffs filed their complaint — in both their opposition and at oral argument. In their request to file a motion for reconsideration, Plaintiffs explain that they misunderstood the Court's questions about converting the proceedings to a summary judgment motion and would now like another opportunity to oppose Defendants' arguments. Dkt. No. 39. While the Court is mindful that mistakes sometimes occur, it cannot provide Plaintiffs with one more bite at the apple. For one, the Court is not persuaded that Plaintiffs have met the requirements of Civil Local Rule 7-9(b), which provides that a party must specifically show that one of these three grounds applies before leave to file a motion for reconsideration is granted:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Plaintiffs do not identify under which ground they are requesting relief. Rather, they simply argue that their request is "proper because of the change in material facts brought about by the conversion by the Court from a Rule 12(b)(6) motion to a motion for summary judgment, and, this conversion is manifestly unjust." Dkt. No. 39 at 4. This does not meet Civil Local Rule 7-9(b)'s requirement to

2

*specifically show* that one of the above grounds applies.[1]

Moreover, it appears that Plaintiffs' main issue is that the Court converted Defendants' motion to dismiss into a motion for summary judgment without providing Plaintiffs a "reasonable opportunity" to be heard. Dkt. No. 39 at 4. But the only reason the Court converted the motion was because neither of the parties objected, and, unlike many other civil lawsuits, this UFMJRA matter would not require any discovery. Nonetheless, even if Plaintiffs had objected to the Court treating the matter as a summary judgment proceeding, this would have been unlikely to change the final result. In their opposition to Defendants' motion to dismiss, Plaintiffs did not provide any direct authority that prohibits the Court under the UFMJRA from utilizing the statute's discretionary grounds to refuse to recognize a foreign judgment at the motion to dismiss stage. The Court was unable to locate any such authority either. Thus, even if the Court had chosen not to convert Defendants' motion, it would have dismissed Plaintiffs' complaint for the same reasons as it explained in the original dismissal order. Simply put, the Court has discretion under the UFMJRA to not recognize foreign judgments under certain conditions. It has chosen to do so under the circumstances presented here.

Based on the above, Plaintiffs' request to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: April 10, 2012

MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Plaintiffs cite two cases for the position that motions for reconsideration should be granted when courts commit clear error or a decision is manifestly unjust. Dkt. No. 39 at 4 (citing *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United States v. James*, 915 F.Supp. 1092, 1098 (S.D. Cal. 1995)). These cases, however, concern courts analyzing motions for reconsideration and not the situation presented here: a request for leave to file a motion for reconsideration under Civil Local Rule 7-9(b).